**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DIRK PAULIN**<br><br>*Plaintiff,*<br><br>V.<br><br>**ALEJANDRO MAYORKAS, ACTING SECRETARY OF STATE OF THE DEPARTMENT OF HOMELAND SECURITY**<br><br>*Defendant.* | **CIVIL ACTION NO:**<br><br>**SECTION:**<br><br>**JUDGE**<br><br>**MAGISTRATE** |

## COMPLAINT

Plaintiff Dirk N. Paulin asserts his causes of action against defendant Alejandro Mayorkas, acting Secretary of State of Homeland Security  solely in his official capacity as Acting Secretary of the United States Department of Homeland Security, regarding the unlawful employment actions of its agency, the Federal Emergency Management Agency, as follows:

### THE PARTIES

1.      Plaintiff is Dirk N. Paulin, a person of majority, domiciled in Louisiana and currently residing in New Orleans, Louisiana.

2.      Defendant is Alejandro Mayorkas solely in his official capacity, the Acting Secretary of the Department of Homeland Security (DHS), including its agency, the Federal Emergency Management Agency (*see* 6 U.S.C. § 112(a) establishing the Secretary of DHS as the head of the department *and also* 6 U.S.C. § 313(a) establishing FEMA).

### JURISDICTION AND VENUE

3.      The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331

(federal question); 42 U.S.C. § 2000e-3 *et seq.* (Title VII retaliation); and 42 U.S.C. § 2000e-16

(applicability of Title VII to federal employment) as more particularly set out herein.

4.      The Court has personal jurisdiction over Mr. Mayorkas, in his official capacity and as the proper defendant representing the United States Department of Homeland Security (and its agency, FEMA), because all of the unlawful employment practices alleged herein occurred in the state of Louisiana and give rise to the specific Title VII causes of action in this case, and thus Mr. Wolf, in his official capacity and as the proper defendant for DHS and FEMA, has established minimum specific contacts with Louisiana, arising from the specific facts of this case, comporting with the requirements of fair play, substantial justice, and the Fourteenth Amendment of the Constitution of the United States.

5.      Venue for Mr. Paulin's Title VII claim is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) because the alleged retaliatory employment practices occurred within this forum (specifically New Orleans), and Mr. Paulin would have continued to have been employed in his otherwise promoted positions in this forum but for his retaliatory non-selection at issue in this case.

## PROCEDURAL HISTORY AND FACTS

6.      At all relevant times, FEMA employed more than 500 employees.

7.      FEMA is a statutory agency of the United States Department of Homeland Security.

8.      In 2006, FEMA hired Mr. Paulin as a full-time employee.

9.      Mr. Paulin has been continuously employed by FEMA since that time, and at all times relevant to this case and Paulin as an EMS, IC-0089-12, Response and Recover, Recovery Directorate, Public Assistance Division.

10.     On  or about July 9, 2021, Paulin initiated contact with an Equal Employment Opportunity EEO counselor claiming that he was being reprised against for prior EEO activity HS-10-FEMA-008,            HS-FEMA-21886-2012,            HS-FEMA-00781-2013, HS-FEMA-00308-2018 which was appeal to the Eastern District of Louisiana

2019-14748 in Eastern District of Louisiana and, thereafter appealed in United States Court of Appeal Fifth Circuit when he was denied several positions.Texas; New York, New York; Atlanta Georgia.

11. On or about July 5, 2021, Paulin was not provided with the Human resource Liaison, and the management officials responsible for evaluating the resumes, certification list, interviews, and hiring of personnel contact information pertaining to EMS (PA Group Supervisor) IC 13 Position in the Public assistance Division (PAD), Field Support Branch, Cadre Management Support Section in which he submitted his resume for on February 26, 2021.

12. On July 26, 2021, Paulin became aware that he was not selected for the position advertised under VA-FEMA-19-CLM-2939333-CORE, EMS (Recovery), PAD, IC-0089-13.

13. Paulin met minimum qualifications for all the jobs he was denied for in paragraphs 9-11 and was abundantly qualified.

14. On information and belief, all the individuals making the hiring and selection decisions for the jobs listed in paragraphs 9-11 were aware of all of Paulin's protected activity listed in paragraph 9.

15. On or about September 7, 2021. FEMA notified Paulin of the conclusion of EEO Counseling and of Paulin's right to file a formal complaint HS-FEMA-01677-2021.

16. On or about September 19, 2021, Paulin filed a formal complaint with EEO.

17. On or about June 10, 2022, FEMA forwarded Paulin a copy of the IF, providing Paulin the right to request a hearing in front of Administrative Law Judge, which Paulin timely filed.

18. On or about August 22, 2022, the Administrative Law Judge issued a decision.

19. Paulin followed all the administrative procedures including but not limited to filing an EEO complaint within 45 days.

20.    Paulin timely filed this Complaint in the Eastern District of Louisiana within 90 days.

## CAUSES OF ACTION

### Unlawful Retaliation Under Title VII and Hostile Work Environment

21.    Mr. Paulin states a cause of action against the defendant for unlawful retaliation concerning

the denial of the promotion listed in paragraphs 9-11. Paulin would not have been denied all the

jobs listed in paragraphs 9-11 but for the protected activity discussed in paragraph 9.

22.    Pursuant to Title VII of the Civil Rights Act of 1964 (as amended), an employer may not

discriminate against an employee "because he has opposed any practice made an unlawful

employment practice under [Title VII], or because he has made a charge, testified, assisted, or

participated in any manner in an investigation, proceeding, or hearing under [Title VII]. 42

U.S.C.

§2000e-3(a). In a retaliation case, "an adverse employment action is one that a reasonable

employee would have found . . . [to be] materially adverse, which in this context means it might

well have dissuaded a reasonable worker from making or supporting a charge of

discrimination.'" *Id.* (citing *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. 53 (2006)). Just as in a

Title VII discrimination case, an employer remains vicariously liable for the acts of its

decision-maker when the decision-maker serves as the employer's agent, or when the employer

knew or should have known of the decision-maker's discriminatory conduct and took no

remedial action. *See e.g., Flanagan v. Aaron E. Henry Cmty. Health Servs. Ctr.*, 876 F.2d 1231,

1235 (5th Cir. 1989). A

federal employer who violates Title VII is liable for the victim's back wages, front wages, reinstatement, statutory damages, attorney's fees, and litigation costs.

23.    In this case, as alleged, Mr. Paulin was a documented performer with years of experience at LIRO as a Public Assistance Coordinator Lead within its PA Delivery division and two engineering degrees.

24.    The net effect of Mr. Williams's unlawful retaliation is that Paulin lost wages, experience, and promotion opportunities.

25.    Furthermore, FEMA showed a pattern of discriminatory intimidation, ridicule, and insult through the years of denial of promotions and constant retaliation and FEMA created a hostile work environment of harassment in violation of Title VII of the Civil Right Act of 1964.

26.    Accordingly, the Department of Homeland Security and its agency, the Federal Emergency Management Agency, are liable for all actual and statutory damages suffered by Mr. Paulin

resulting from FEMA's illegal and retaliatory employment actions, including, but limited to, back pay, front pay, compensatory damages, mental anguish, loss of enjoyment of life, out of pocket expenses, and Mr. Paulin's reasonable attorney's fees incurred in this action.

## JURY DEMAND

Mr. Paulin requests a trial by jury on all claims and causes of action asserted in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dirk N. Paulin prays that his complaint is deemed good and sufficient; that it and summons be served upon defendant Alejandro Mayorkas, solely in his official capacity as Acting Secretary of the United States Department of Homeland Security; and, after due proceedings are had, that judgment be entered in favor of the plaintiff and against defendant for (1) all damages and equitable relief due to the plaintiff, including compensatory damages, statutory damages, costs, attorney's fees, and legal interest from the date of demand; and (2) an injunction prohibiting the defendant from engaging in all current and future retaliation against Mr. Paulin and all other similarly situated employees, and for all other general and equitable relief plaintiff is entitled.

Respectfully submitted,

/s/ Anundra Martin
Anundra Martin
Louisiana Bar No. 30478
7912 Warsaw St.
Metairie, Louisiana 70003
504-667-9864
anundramartin@yahoo.com
*Counsel for Dirk Paulin*

Certificate of Service

I hereby certify that on the 18th Day of November 2022 that the above foregoing pleading was sent to opposing counsel via electronic mail.

/s/ Anundra Martin
Anundra Martin