UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DIRK PAULIN | * | CIVIL ACTION NO. 22-4585 |
| | * | |
| VERSUS | * | SECTION: "E"(1) |
| | * | |
| DEPARTMENT OF HOMELAND SECURITY | * | JUDGE SUSIE MORGAN |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

In this employment discrimination lawsuit, plaintiff claims defendant denied him a promotion he was qualified for in retaliation for protected activity. Before the Court is plaintiff's Motion to Compel defendant to answer the interrogatories as the Court previously ordered as well as outstanding requests for production. (Rec. Doc. 42). Defendant has now produced supplemental responses, and the Motion to Compel is moot as to those responses. A new motion may be filed if the parties are unable to resolve any issues related to those responses following a good faith conference to be held in person or by phone. As to the scope of discovery in this case, the Court finds that discovery is limited to the job that plaintiff listed in his Complaint. The Motion to Compel is DENIED.

Background

Since at least 2008,[1] plaintiff Dirk Paulin has been employed by the Federal Emergency Management Agency (FEMA), an agency of the United States Department of Homeland Security. In this lawsuit, he alleges that in July 2021 he was denied a promotion for which he was amply qualified because only a few weeks earlier, he initiated contact with an Equal Employment Opportunity (EEO) counselor claiming that he was being "reprised" against for his prior EEO

---

[1] Per a September 2023 letter to the Court, he has been employed by FEMA since 2008. But the Complaint alleges 2006.

1

activity.[2] His complaint lists a single denied promotion: "On July 26, 2021, Paulin became aware that he was not selected for the position advertised under VA-FEMA-19-CLM-2939333-CORE, EMS (Recovery), PAD, IC-0089-13." (Rec. Doc. 1, at 4).[3] He asserts claims for unlawful retaliation and hostile work environment under Title VII of the Civil Rights Act of 1964, as amended.

Paulin filed suit against Alejandro Mayorkas in his official capacity as Acting Secretary of the Department of Homeland Security on November 18, 2022. In September 2023, Paulin wrote a letter to the Court in which he described his claims. Therein, he again references his earlier EEO complaints and states that he was "[t]hereafter . . . denied several positions in Texas; New York, New York; and Atlanta Georgia. Specifically on July 26, 2021, Paulin became aware that he was not selected for the position advertised under VA-FEMA-19-CLM-2939333-CORE, EMS (Recovery), PAD, IC-0089-13"—the same position he referenced in his Complaint. (Rec. Doc. 23). He did not identify any other positions.

Trial is presently set to begin on January 13, 2025. The deadline to complete discovery is October 29, 2024.

In August, Paulin filed a motion to propound additional interrogatories beyond the 25 allowed by the rules. The Court ordered that Paulin would be allowed to serve the additional interrogatories. In the present motion (filed on the earliest date defendant's responses might have been due), Paulin complains that defendant has not responded to the interrogatories. In opposition,

---

[2] He describes this prior EEO activity at "HS-10-FEMA-008, HS-FEMA-21886-2012, HS-FEMA-00781-2013, HS-FEMA-00308-2018 which was appeal to the Eastern District of Louisiana 2019-14758 in Eastern District of Louisiana and thereafter appealed in United States Court of Appeal Fifth Circuit when he was denied several positions. Texas; New York, New York; Atlanta, Georgia." (Rec. Doc. 1, at 3-4). Defendant asserts in opposition, and plaintiff does not dispute, that the "HS" numbers reference past EEOC complaints.

[3] That this represents a single job is obvious from plaintiff's use of the singular "position" and the description of the job which includes different strings of letters and numbers. Moreover, in the declaration attached to defendant's opposition memorandum, FEMA Human Resources Specialist Christina Meissinger asserts that this is a single position and that codes represent things like salary grade, job series, and pay scale. (Rec. Doc. 44-1).

defendant reports that he has now provided his discovery responses. The Motion to Compel is, therefore, largely moot.

However, anticipating defendant's objections, Paulin argues in his motion that his request for information about other jobs besides the one alleged in his complaint is appropriate. He claims that his complaint actually lists several jobs separated by commas. Defendant opposes, insisting that the Complaint is limited to the one promotion he identified as not receiving.

Law and Analysis

1. *Scope of Discovery*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The Rule requires consideration of the following factors in assessing proportionality: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Courts have long recognized that relevance is "to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense.'" XTO Energy, Inc. v. ATD, LLC, No. CIV 14-1021 JB/SCY, 2016 WL 1730171, at *17 (D.N.M. Apr. 1, 2016) (quoting State Farm Mut. Auto. Ins. Co. v. Fayda, No. 14CIV9792WHPJCF, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015), aff'd, No. 14CV9792, 2016 WL 4530890 (S.D.N.Y. Mar. 24, 2016)); Walker v. H & M Henner & Mauritz, L.P., No. 16 CIV. 3818 (JLC), 2016 WL 4742334, at *2 (S.D.N.Y. Sept. 12, 2016). But, while construing

relevance broadly, this Court is anchored by the parties' pleadings. "To implement the rule that discovery must be relevant to the claim or defense of any party, district courts have examined the relationship of the requested discovery and the facts it is intended to uncover to the specific claims and defenses raised by the parties." Thibault v. BellSouth Telecommunications, Inc., No. CIV.A. 07-200, 2008 WL 4808893, at *2 (E.D. La. Oct. 30, 2008) (M.J. Wilkinson).

   2. *Analysis*

Discovery in this case is limited to issues relevant to the claims and defenses. Paulin does not argue that the other jobs he lists in his discovery requests ("FEMA-20-KSR-391344-CORE Emergency Management Specialist (Recovery) IC-0089-13" and "FEMA-20-KSR-391814-CORE Supervisory Emergency Management Specialist (Recovery), IC-0089-13") are relevant to his claim that defendant retaliated against him by denying him the promotion VA-FEMA-19-CLM-2939333-CORE, EMS (Recovery), PAD, IC-0089-13.

Instead, Paulin claims that the other two jobs are actually referenced in or at least subsumed by the position referenced in his Complaint. There is no support for this assertion. In both his Complaint and his letter to the Court, he describes the listing VA-FEMA-19-CLM-2939333-CORE, EMS (Recovery), PAD, IC-0089-13 as a single position and not as plural "positions." This understanding is confirmed by the declaration of Meissinger, asserting that the listed position is just one position. A plain reading of the Complaint is that Paulin claims that he was denied the promotion VA-FEMA-19-CLM-2939333-CORE, EMS (Recovery), PAD, IC-0089-13. The positions of "FEMA-20-KSR-391344-CORE Emergency Management Specialist (Recovery) IC-0089-13" and "FEMA-20-KSR-391814-CORE Supervisory Emergency Management Specialist (Recovery), IC-0089-13" are not referenced or suggested by the Complaint in any way.

Accordingly, claims related to these purportedly denied promotions are outside of the claims alleged in the Complaint and information about such jobs is irrelevant and not discoverable.

## Conclusion

Defendant has now produced supplemental responses, and the Motion to Compel is moot as to those responses. Further, the Court finds that discovery in this case is limited to the job that plaintiff listed in his Complaint. The Motion to Compel (Rec. Doc. 42) is DENIED. Oral argument set for October 23, 2024, is CANCELLED.

New Orleans, Louisiana, this 17th day of October, 2024.

                                            Janis van Meerveld
                                        United States Magistrate Judge