UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIRK PAULIN,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4585** |
| **DEPARTMENT OF HOMELAND SECURITY,**<br>    Defendant | **SECTION: "E" (1)** |

### ORDER AND REASONS

Before the Court is Plaintiff Dirk Paulin's ("Plaintiff") Appeal/Objection to Magistrate Decision.[1] Defendant Department of Homeland Security ("Defendant") filed an opposition.[2] Plaintiff filed a reply.[3] Following a status conference, the Court permitted supplemental briefing.[4] Defendant filed a sur-reply and Plaintiff filed a sur-sur-reply.[5]

On September 27, 2024, Plaintiff filed a motion to compel Defendant to respond to Plaintiff's interrogatories.[6] The parties have notified the Court that they have resolved all discovery disputes with respect to Plaintiff's motion to compel. Accordingly, Plaintiff's motion to compel[7] and appeal[8] of the Magistrate Judge's order[9] denying Plaintiff's motion to compel are both moot.

Plaintiff objects to a statement by the Magistrate Judge in her order denying Plaintiff's motion to compel that Plaintiff's "complaint lists a single denied promotion: 'On July 26, 2021, Paulin became aware that he was not selected for the position

---

[1] R. Doc. 51.
[2] R. Doc. 58.
[3] R. Doc. 61.
[4] R. Doc. 65.
[5] R. Doc. 66; R. Doc. 67.
[6] R. Doc. 42.
[7] R. Doc. 42.
[8] R. Doc. 51.
[9] R. Doc. 50.

1

advertised under VA-FEMA-19-CLM-2939333-CORE, EMS (Recovery), PAD, IC-0089-13.'"[10] Plaintiff argues it is "factually incorrect" that his original complaint only references one job.[11]

Because the Court has found Plaintiff's motion to compel[12] and appeal[13] of the Magistrate Judge's order[14] denying Plaintiff's motion to compel both moot, the Court need not address this remaining issue of whether the complaint only references one job. The Court does clarify that the Magistrate Judge's statement that Plaintiff's "complaint lists a single denied promotion" will not be considered the law of the case.[15] Accordingly, Plaintiff's complaint is not limited to a claim for a single job/position under the name of "VA-FEMA-19-CLM-2939333-CORE, EMS (Recovery), PAD, IC-0089-13."

**IT IS ORDERED** that Plaintiffs' Appeal/Objection to Magistrate Decision[16] is **DENIED** as moot.[17]

**New Orleans, Louisiana, this 19th day of February, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[10] R. Doc. 50 at p. 2.
[11] R. Doc. 51-1.
[12] R. Doc. 42.
[13] R. Doc. 51.
[14] R. Doc. 50.
[15] *Id.* at p. 2.
[16] R. Doc. 51.
[17] Both Defendant's motion for summary judgment and motion in limine to exclude irrelevant expert testimony are partially dependent on the Magistrate Judge's statement that Plaintiff's "complaint lists a single denied promotion." R. Doc. 50 at p. 2; R. Doc. 53-1; R. Doc. 55-1. Thus, the Court **DENIES** without prejudice both the motion for summary judgment and the motion in limine to exclude irrelevant expert testimony as moot to the extent the motions rely on the Magistrate Judge's statement that Plaintiff's "complaint lists a single denied promotion." R. Doc. 50 at p. 2; R. Doc. 53; R. Doc. 55. To the extent the motions do not rely on the Magistrate Judge's statement that Plaintiff's "complaint lists a single denied promotion," the motions are **DENIED** without prejudice as premature because discovery is not completed. R. Doc. 50 at p. 2; R. Doc. 53; R. Doc. 55; R. Doc. 73.